IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**UNITED STATES OF AMERICA,**

vs.

**Case No. 4:96cr52-RH**
**Case No. 4:06cv17-RH/WCS**
**Case No. 4:06cv28-RH/WCS**

**JONATHAN ARNESS WESTON,**
**and DENNIS DEWAYNE JOHNSON,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION ON MOTIONS

    This cause is before the court on virtually identical motions filed by Defendants Weston and Johnson, titled "Jurisdiction and Statutory Challenges Memorandum of Law and Issue and Authorities to Support the Writ of Habeas Corpus Motion Pursuant to Fed.R.Civ.P. 15(c) and 28 U.S.C. § 2255 (6)(3)."  Docs. 227 and 228, respectively.  As they contain the same claims on the same pages, references to § 2255 motions followed by a page number are to that page number in both documents.

**Prior History**

    Following conviction by a jury, Weston was sentenced to a total term of 348 months imprisonment, and Johnson was sentenced to a total term of 380 months

imprisonment. Docs. 144 and 145. The judgments were affirmed on appeal. Doc. 195.

Defendants filed motions to modify and reduce sentence pursuant to 18 U.S.C. § 3582(c)(2), seeking retroactive application of Amendments 591 and 599 to the Sentencing Guidelines. Docs. 198 and 199. The motions were denied by the district judge. Doc. 218. While the amendments cited were retroactive, they did not apply; moreover, the court determined as a matter of discretion that the sentences should not be reduced. *Id.*, p. 2. The court noted that an upward departure to a life sentence "would almost certainly have been permissible," and that the Government's request for a departure was denied because the court thought the sentences were appropriate under the guidelines. *Id.*, pp. 1, 8 (citation omitted). Had the sentences been less under the guidelines, the court would have viewed the Government's request differently. *Id.*, p. 8.

Defendants filed 28 U.S.C. § 2255 motions. Docs. 211 (Weston's amended § 2255 motion) and 213 (Johnson's § 2255 motion). As addressed in the undersigned's report and recommendation, Defendants asserted that they were convicted under 18 U.S.C. § 1201(a)(1) and 924(c), but sentenced as if convicted under § 2241(a) and (b), citing Fiore v. White, 531 U.S. 225, 121 S.Ct. 712, 148 L.Ed.2d 629 (2001) and Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000).[1]

The court found Fiore inapposite and that Apprendi does not apply retroactively on collateral review, citing McCoy v. United States, 266 F.3d 1245 (11th Cir. 2001).

---

[1] Johnson also reasserted his argument for application of Amendment 599, but that claim was addressed in the order denying the § 3582 motions. Doc. 219, p. 2.

Doc. 219, p. 3 and n. 2.  The court also said that <u>Apprendi</u> does not apply to determinations under the sentencing guidelines, citing then binding circuit precedent. *Id.*, p. 3.  The report and recommendation was adopted and the § 2255 motions were denied with prejudice.  Doc. 220 (order) and 221 (judgment entered on January 8, 2002).  Defendant Johnson appealed, and this court denied a certificate of appealability and leave to proceed in forma pauperis.  Doc. 224.  The Eleventh Circuit summarily dismissed for lack of jurisdiction as the appeal was untimely.  Doc. 226.

**Current Motions**

Defendants ask the court to amend their initial § 2255 motions to rely on <u>Apprendi</u>, along with <u>Jones v. United States</u>, 526 U.S. 227, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999), <u>United States v. Booker</u>, 543 U.S. 200, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 2537, 159 L.Ed.2d 403 (2004), <u>Ring v. Arizona</u>, 536 U.S. 584, 589, 122 S.Ct. 2428, 2432, 153 L.Ed.2d 556 (2002), and <u>Castillo v. United States</u>, 530 U.S. 120, 120 S.Ct. 2090, 147 L.Ed.2d 94 (2000).  § 2255 motions, pp. 1-2.[2]  They assert that the amendments should "relate back" to the filing of those motions, and be considered timely pursuant to Fed.R.Civ.P.

---

[2] The court assumes these are the cases relied upon, though Defendants do not provide full case names or citations.  In <u>Castillo</u> (cited in <u>Apprendi</u>), the Court interpreted 18 U.S.C. § 924(c)(1) as creating a separate substantive offense where a firearm used is a machine gun.  In <u>Apprendi</u>, the Court confirmed the opinion expressed in <u>Jones</u>, that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt."  530 U.S. at 490, 120 S.Ct. at 2362-63.  Under <u>Ring</u>, a defendant is entitled to a jury determination of aggravating factors necessary for imposition of the death penalty.  In <u>Blakely</u>, the Court applied <u>Apprendi</u> to a state sentencing guidelines sentence, and explained the term "statutory maximum."  <u>Booker</u> extended the rationale of <u>Apprendi</u> and <u>Blakely</u> to the Federal Sentencing Guidelines.

Case Nos. 4:96cr52-RH, 4:06cv17-RH\WCS, and 4:06cv28-RH\WCS

15(c), § 2255 ¶ 6(3), and Dodd v. United States, 545 U.S. __, 125 S.Ct. 2478, 160 L.Ed.2d 621 (2005).  *Id.*, pp. 1-2, 4-5, and 9-10.  They argue:

> Pursuant to [Dodd], the United States Supreme Court has declared that this Motion pursuant to 28 U.S.C. § 2255 (6)(3) is the proper remedy to seek relief and/or preserve a newly recognized constitutional right established by the Supreme Court in a timely manner.

*Id.*, p. 10.

Defendants claim that they may raise an intervening change of law in a new application, citing Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963).  § 2255 motions, p. 7.  They claim they could not rely on Blakely or Booker in the earlier § 2255 motions, that they attempted to preserve this claim then as well as on appeal and in their § 3582 motions, and seek either resentencing or reinstatement of their direct appeals.  *Id.*, pp. 9-10.

**Legal Analysis**

Given the prior § 2255 proceedings, each Defendant must obtain authorization from the Eleventh Circuit before filing a second or successive § 2255 motion.  § 2255 (referencing § 2244); § 2255 Rule 9 ("[b]efore presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8.").  The limitation on recharacterization of a pleading as a first § 2255 motion "does not extend beyond initial filings," and the authorization requirement for second or successive motions cannot be "evaded by the simple expedient of labeling second or successive filings to be something they are not."  Gonzalez v. Secretary for Dept. Of Corrections, 366 F.3d 1253, 1277, n. 10 (11th Cir. 2004) (en banc) (*distinguishing*

Castro v. United States, 540 U.S. 375, 382-383, 124 S.Ct. 786, 792, 157 L.Ed.2d 778 (2003)), *affirmed on other grounds* Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 162 L.Ed.2d 480 (2005); *see also* Jackson v. Crosby, 437 F.3d 1290, 1294-95 and n. 6 (11th Cir. 2006) (noting that the Supreme Court did not disturb the full en banc decision in Gonzalez).[3]

Defendants cannot circumvent the authorization requirement by claiming to file "amendments" which "relate back" to § 2255 motions, as their motions were denied years ago.  There is nothing to amend or relate back to.  *Cf.* Nyland v. Moore, 216 F.3d 1264, 1266 (11th Cir. 2000) (for purposes of the one year limitations period, § 2254 petition could not relate back to a prior petition which was dismissed without prejudice; "there is nothing for the current petition to relate back to."); Marsh v. Soares, 223 F.3d 1217, 1219 (10th Cir. 2000) ("Mr. Marsh's second habeas was more than an amendment; it was a separate filing some three years after the first petition," and could not relate back) (citing Nyland, other citations omitted).[4]

---

[3] The Eleventh Circuit did "not distinguish between the three cases before us based upon whether they involve state prisoners and [28 U.S.C.] § 2254 law or federal prisoners and § 2255 law, because there is no material difference in the relevant statutory language, *see* § 2253(c)(1)(A) & (B), or how the issues arising from that language should be resolved.  *[C]ompare* § 2244(b) *with* § 2255 ¶ 8. . . .  When we say 'habeas petition' we mean to include '§ 2255 motion,' and our use of 'habeas petitioner' includes '§ 2255 movant' as well." 366 F.3d at 1262 (some citations omitted).  Since the Supreme Court only had one of the cases before it, involving a state prisoner and § 2254, its consideration was limited to § 2254 cases.  125 S.Ct. at 2646, n. 3.  Because § 2244 is referenced in § 2255 ¶ 8, and in light of the Eleventh Circuit's language in Gonzalez, this court relies on § 2254 as well as § 2255 cases.

[4] *Compare* Mederos v. United States, 218 F.3d 1252, 1254 (11th Cir. 2000).  There the district court dismissed a § 2255 motion without prejudice on February 9, 1999, for lack of a signature under penalty of perjury, and the defendant filed a second motion dated February 17, 1999, curing the deficiency but otherwise identical to the

Moreover, whether an amendment could relate back is relevant to the one year limitations period, rather than the restrictions on successive motions. Nyland, 216 F.3d at 1266.[5]  "When an earlier habeas corpus petition was dismissed *without prejudice*, a later petition is not 'second or successive' for purposes of § 2244(b)." Dunn v. Singletary, 168 F.3d 440, 441 (11th Cir. 1999) (emphasis in original, citations omitted); Stewart v. Martinez-Villareal, 523 U.S. 637, 118 S.Ct. 1618, 1621-22, 140 L.Ed.2d 849 (1998) (competency to be executed claim previously raised and dismissed as premature should not be considered second or successive under § 2244(b)).  Defendants' prior § 2255 motions in this case were clearly denied *with* prejudice.  Docs. 219, 220, and 221 (recommendation, order, and judgment, all using the term "denied with prejudice.").  Subsequent motions may therefore be filed only with authorization from the court of appeals.  *Compare* Dunn, 168 F.3d at 442 (even where the judgment indicated erroneously that prior petition was dismissed without prejudice, since relief was denied on the merits the restrictions on successive filings applied).

Defendants cite Sanders, but that case was decided in 1963.  This case is governed by the Antiterrorism and Effective Death Penalty Act (AEDPA), effective in

---

first. *Id.*, at 1253.  It was error to dismiss the motion without allowing amendment, and the second motion related back to the first for purposes of the one year limitations period. *Id.*, at 1253-54.

[5] The court in Nyland distinguished Stewart v. Martinez-Villareal (cited ahead) as "not pertinent" to whether an amended petition related back to an earlier filing date for purposes of the one year time limit; Stewart "only addressed the effect of a previous petition in determining whether a later petition was successive.  It did not address the question of whether previous petition dismissed without prejudice remained pending for the purpose of having a later filed petition relate back to it." 216 F.3d at 1267 (citations omitted).

1996.  See Felker v. Turpin, 518 U.S. 651, 667, 116 S.Ct. 2333, 2337, 135 L.Ed.2d 827 (1996) (as amended by the AEDPA, § 2244(b)(3) "creates a 'gatekeeping' mechanism for the consideration of second or successive applications in district court.");[6] see also Taylor v. Gilkey, 314 F.3d 832, 836 (7th Cir. 2002) ("[o]ne goal of the [AEDPA], which added § 2244(b) and § 2255 ¶ 8 to the Judicial Code, was to replace *Sanders* with an approach under which only defined circumstances permit successive collateral attacks.").

Defendants argue that § 2255 ¶ 6(3) is, under Dodd, the proper remedy for raising their claims.  Dodd addressed the time limit rather than a second or successive motion.  And even as to the time limit, Dodd does not benefit Defendants.  As explained in Dodd, "Paragraph 6(3) identifies *one date and one date only* as the date from which the one 1-year limitation period runs: 'the date on which the right asserted was initially recognized by the Supreme Court.'"  125 S.Ct. at 2482 (emphasis in original).  A defendant "may take advantage of the date in the first clause of ¶ 6(3) only if the conditions in the second clause are met."  *Id.*  The rights recognized in Apprendi, Blakely, and Booker have not been made retroactive on collateral review,[7] so ¶ 6(3) as construed in Dodd does not commence the period.

---

[6] Even before the AEDPA, review of claims raised by second or successive motions was more limited than in Sanders.  See Schlup v. Delo, 513 U.S. 298, 318-319, 115 S.Ct. 851, 862-863, 130 L.Ed.2d 808 (1995) (noting 1966 amendment to § 2244(b) and subsequent cases, delineating the circumstances for reviewing claims raised in a second or successive petition) (citations and footnotes omitted).

[7] Varela v. United States, 400 F.3d 864, 867 (11th Cir.), *cert. denied*, __ U.S. __, 126 S.Ct. 312 (2005) (Blakely and Booker do not apply retroactively); McCoy v. United States, 266 F.3d 1245, 1256-58 (11th Cir. 2001) (Apprendi does not apply retroactively).

Defendants are essentially claiming that their § 2255 motions were wrongly denied because the court did not have the benefit of Blakely and Booker.  This "attacks the federal court's previous resolution of a claim *on the merits*, since alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to habeas relief."  Gonzalez v. Crosby, 545 U.S. __, 125 S.Ct. 2641, 2648, 162 L.Ed.2d 480 (2005) (footnote omitted, emphasis by the Court).  Whether brought (as here) in a motion to amend, or brought (as in Gonzalez) in a Fed.R.Civ.P. 60(b) motion challenging the prior denial of relief, such claims are subject to the restrictions on second or successive filings.  125 S.Ct. at 2647-48 (citations omitted).

The current motions must therefore be dismissed as unauthorized.  § 2255 ¶ 8; § 2255 Rule 9.  Defendants are advised that authorization for filing such claims has been denied in this circuit.  In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005) (denying application to file second or successive motion under Blakely and Booker); In re Dean, 375 F.3d 1287, 1290-91 (11th Cir. 2004) (denying leave to file second or successive motion under Blakely); In re Joshua, 224 F.3d 1281, 1283 (11th Cir. 2000) (denying leave to file second or successive motion under Apprendi).

**Recommendation**

It is therefore respectfully **RECOMMENDED** that the motions filed by Defendant Weston (doc. 227) and Defendant Johnson (doc. 228) be **SUMMARILY DISMISSED** as authorization for filing a second or successive § 2255 motion has not been granted to either Defendant by the court of appeals.

**IN CHAMBERS** at Tallahassee, Florida, on April 19, 2006.

      s/    William C. Sherrill, Jr.
      **WILLIAM C. SHERRILL, JR.**
      **UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**